**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BINH T. VO, | ) NO. SACV 13-00305-SJO (MAN) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE |
| K. CHAPPELL, WARDEN, | ) AND DENYING A CERTIFICATE |
| | ) OF APPEALABILITY |
| Respondent. | ) |

On December 21, 2012, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Northern District of California. The Petition was transferred to this district on February 15, 2013. The Petition is the third Section 2254 habeas petition filed by Petitioner in this Court stemming from his 1998 Orange County Superior Court conviction and sentence (the "State Conviction").

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On July 30, 2002, Petitioner, who was represented by counsel, filed a Section 2254 habeas petition in this Court in Case No. SACV 02-741-PA (MAN) (the "First Action"). That petition challenged Petitioner's 1998 State Court Conviction through five habeas claims, three of which were directed to Petitioner's conviction and two of which were directed to his sentence. On August 23, 2005, Judgment was entered denying the First Action petition on its merits and dismissing the First Action with prejudice. Petitioner appealed to the United States Court of Appeals for the Ninth Circuit (Case No. 05-56532). On March 29, 2006, the Ninth Circuit denied a certificate of appealability.[1]

On January 12, 2010, Petitioner filed a second Section 2254 petition in Case No. SACV 10-00050-PA (MAN) (the "Second Action"). The petition filed in the Second Action alleged two claims for relief: Ground One realleged a sentencing claim that was raised in the First Action petition (as Ground Four) and resolved against him; and Ground Two raised what is commonly termed an *Apprendi* or *Cunningham* claim, *i.e.,* a claim that the sentencing court erred in relying on facts found

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

by the judge, rather than the jury, in imposing sentence. On January 20, 2010, Judgment was entered dismissing the Second Action on the ground that the petition was second or successive within the meaning of 28 U.S.C. § 2244(b).

Petitioner did not appeal the dismissal of the Second Action. However, he sought leave to file a second or successive petition raising the above claims, and on April 16, 2010, the Ninth Circuit denied such leave (Case No. 10-70412).

The instant Petition presents a single claim premised on the asserted ineffective assistance of Petitioner's trial counsel and his appellate and post-conviction counsel. Although this is somewhat unclear, Petitioner apparently contends that all of his attorneys should have objected to his sentence of life with the possibility of parole, plus 14 years, on the grounds that: the sentence violates California Penal Code § 654, which prohibits multiple punishments for a single act; and pursuant to the *Apprendi* and *Cunningham* rule, his sentence is invalid, because the sentencing judge relied on facts found by the judge rather than the jury.

The Ninth Circuit dockets show that, since his application filed in early 2010, Petitioner has not sought or obtained leave to file a second or successive Section 2254 petition.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas

petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must **first** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here, and his habeas petition was resolved adversely to him on its merits. His present challenges to the validity of his sentence do not rest on newly-discovered evidence. Indeed, the California Penal Code § 654 basis for the claim alleged in the instant Petition is the same basis as that alleged to support Ground Four in the First Action Petition filed in 2002, and thereafter resolved against Petitioner on its merits. Further, neither claim alleged in the

4

instant Petition rests on a new rule of constitutional law. In fact, Petitioner concedes that the *Apprendi* basis for the claim alleged in the instant Petition could have been raised by his appellate counsel in Petitioner's state direct appeal. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[2]

Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-

---

[2] The instant Petition also appears to be substantially untimely given that: Petitioner's state direct appeal concluded on May 2, 2001, when the California Supreme Court denied review; and Petitioner's limitations period, therefore, likely expired in early August 2002 -- years before he pursued state collateral relief. Petitioner asserts that, under Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), he nonetheless should be allowed to pursue federal habeas relief. The Martinez decision relates to what circumstances will allow a petitioner to claim that the ineffectiveness of counsel who handled initial review proceedings can serve as "cause" for excusing a procedural default. The Martinez decision is inapposite to the factual circumstances present here and, in any event, is irrelevant to the obvious untimeliness problem the Petition would face even if Petitioner had obtained leave to file it from the Ninth Circuit.

Case 8:13-cv-00305-SJO-MAN   Document 8   Filed 03/05/13   Page 6 of 6   Page ID #:33

85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: __March 5, 2013.

*S. James Otero*
_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE